## CIRCUIT COURT OF FAIRFAX COUNTY

Republic of Liberia

v.

International Registries, Inc., et al.

April 23, 1998

Case No. (Chancery) 153647

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on the International Trust Company of Liberia's petition for "Leave to Intervene for the Limited Purpose of Moving to Stay This Action in Favor of a Pending Arbitration and/or to Compel Arbitration of the Claims Herein." Both the International Trust Company and the Republic of Liberia submitted briefs in support of their positions. On April 17, 1998, the Court heard oral arguments and then took the matter under advisement. Having now considered the underlying authorities, the Court denies the International Trust Company's petition.

The Plaintiff, the Republic of Liberia, entered into an agreement with the International Trust Company of Liberia to administer Liberia's maritime ship registry program. This agreement included an arbitration clause. The Defendants in this action are various officers of the International Trust Company, subcontractors to the maritime ship registry program, and various other interested entities. The Republic of Liberia brings this action against the Defendants alleging that they have either converted the Republic of Liberia's property or have conspired to harm its business. While the Republic of Liberia has sued numerous defendants in the case at bar, it has not filed suit against the International Trust Company. The International Trust Company now petitions the Court to allow it to intervene for the limited purpose of invoking the arbitration clause of its contract with the Republic of Liberia.

Pursuant to the Rules of the Supreme Court of Virginia, "[a] new *party* may by petition filed by leave of court assert any claim or defense germane to the subject matter of the suit." Rule 2:15 (emphasis added). In interpreting Rule 2:15, the Virginia Supreme Court has stated, "[i]n order for a stranger to

become a *party* by intervention, he must 'assert some right involved in the suit'." *Layton v. Seawall Enterprises, Inc.*, 231 Va. 402, 406 (1986) (emphasis added; citation omitted). Thus, if the International Trust Company petitioned to become a party in the present suit, it would merely have to show that it had a defense that was germane to the suit. However, in oral argument, the International Trust Company stated that it did not want to become a party in the case at bar as it would be inconsistent with its pending arbitration claim before an international tribunal. Instead, the International Trust Company stated that it merely wants to invoke its arbitration clause in the present suit without actually becoming a defendant. Based upon this position, the Court denies the International Trust Company's petition. Under Rule 2:15, a stranger to a lawsuit has the right to become a party. Clearly, Rule 2:15 does not envision a stranger to a suit asserting a claim or defense without actually becoming a party to the lawsuit. As such, the Court must deny the International Trust Company's petition.

For the above-stated reasons, the Court denies the International Trust Company's petition.